No. 7405.

## EUPHROSINE BLAKE, ADMX., VS. RICHARD A. KEARNEY.

The destruction of a promissory note by the holder and payee, in the presence of the maker, and for the expressed purpose of remitting the debt, is not a donation *mortis causa* nor an attempt to make such donation.

APPEAL from the District Court of Iberville. McVEA, J.

*Barrow & Pope* for Plaintiff Appellant.    *Mathews* for Defendant.

Mrs. Fenn, the mother-in-law of the defendant, held his note for $893.83, and in February, 1872, voluntarily destroyed it in his presence, telling him she did not wish it paid. No consideration was agreed on between them for this act, but on the same day, Kearney

Blake *vs*. Kearney.

gave her his obligation, expressed to be for value received, to pay her seventy-five dollars per annum during her natural life. She did not require this to be done, nor was there any agreement or promise that it should be done. It was voluntarily given by him because her income from other sources was not sufficient for her proper support. Kearney paid the annuity in February, 1873 and 1874, and Mrs. Fenn then died. The plaintiff is her daughter and administratrix, and sues for judgment for the amount of the destroyed note. The judgment below was for defendant.

MARR, J. It is evident that the intention of Mrs. Fenn was to remit the debt of which the note destroyed was the evidence. This intention was not postponed to take effect after the death of Mrs. Fenn, or at any future day. It was carried into effect and executed at once, and in the most unequivocal and certain manner. Mrs. Fenn told Kearney she did not wish the note to be paid, and when she destroyed the note, in order to manifest and make effectual that right and intention, she expressly granted to him the remission of the debt. R. C. C., Art. 2199. The debtor is always presumed to have accepted the remission and it cannot be revoked by the creditor. R. C. C., Art. 2201.

These acts constituted a conventional remission of the debt, and the obligation was thereby extinguished, and no consideration was necessary; in fact, remission is purely voluntary on the part of the creditor. R. C. C., Art. 2130; Newton *v*. Noble, 1 An. 194.

It is alleged in the petition that Mrs. Fenn left forced heirs, of whom plaintiff is one; but it is not alleged that the amount of the note destroyed was in excess of the disposable portion; nor is this a suit to reduce an excessive donation. The absolute nullity of the remission of the debt is demanded upon the sole ground that it was to take effect after the death of Mrs. Fenn, and was an attempt by her to make to Kearney a donation *mortis causa* by parol.

Whatever may have been the intention of Mrs. Fenn in destroying the note, that intention was executed at the time. If it was a donation, it was a donation *inter vivos*.

*Judgment affirmed.*